### AMERICAN WOODMEN v. SMITH.
### (No. 952.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1923.)

1. **Appeal and error** ⬅️173(14) — **Insurance** ⬅️688—**General statute not applicable to fraternal benefit insurance; recovery on policy for full amount cannot be attacked on appeal, where provisions of policy not pleaded or litigated below.**

Though Revised Statute, art. 4742, which forbids the stipulation in a life insurance policy for the settlement at maturity for less than the face of the policy, does not apply to a contract between a fraternal beneficiary association and one of its members under the express provisions of article 4830, where an action on such policy was resisted on the ground that such policy was not in force at the death of the insured by reason of lapse for nonpayment of dues, a provision for settlement at less than the face value of the policy, in case death occurred within five years, which was not pleaded and not litigated in the trial court, cannot be urged on appeal for the first time.

2. **Insurance** ⬅️799—**Judgment on policy properly included interest.**

A fraternal insurance certificate, being a contract in writing to pay a named sum upon the maturity of the policy and plaintiff's petition praying for interest, a judgment including interest on the amount of the certificate from its maturity was proper under Rev. St. art. 4977.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by Viola Smith against American Woodmen. Judgment for plaintiff, and defendant brings error. Affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. M. C. Dickson, of Houston, for plaintiff in error.

H. L. Livingston and Blackwell & Dillard, all of Houston, for defendant in error.

O'QUINN, J. Viola Smith sued the American Woodmen, a fraternal beneficiary association, to recover upon a benefit certificate issued to her husband, Julius Smith, in the sum of $500, in which she was named as beneficiary. She alleged that the certificate was issued November 30, 1916, that the insured died September 22, 1917, in good standing, and that defendant took possession of the said certificate immediately on the death of the insured, and still had possession of same, and gave notice that, unless said certificate was produced on the trial of the case, secondary evidence of its contents would be offered. Defendant answered admitting the issuance of the certificate, but alleged that deceased had permitted same to lapse by reason of nonpayment of dues, and that afterwards, wishing to be reinstated, he, in accordance with the rules of defendant, surrendered his certificate and made new application, but that, before a new certificate could be issued, deceased died; that said certificate, which had been issued to deceased, had been destroyed, and could not be produced, but that defendant was ready to produce a blank form of its certificate for the enlightenment of the court if necessary, and denied all liability on the part of defendant. Plaintiff replied by general denial.

The case was tried before the court without a jury, and judgment rendered for plaintiff, from which the defendant appealed.

The court filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"The court finds that the plaintiff is the wife of one Julius Smith, deceased; that on, to wit, the 30th day of November, 1916, the said Julius Smith applied for a life insurance policy, and a policy of life insurance was issued to him by the defendant association, American Woodmen, the same providing a death benefit of $500 with a premium of $1.25 per month; that the policy was delivered to him about said date, and that on, to wit, about September 22, 1917, the said Julius Smith died, and that up to said date all of the premiums had been paid regularly each month on said policy to a duly authorized agent of defendant association, American Woodmen, and that the policy was in full force and effect at the death of the said Julius Smith; that the said Viola Smith is the beneficiary under said policy.

### "Conclusions of Law.

"The court therefore finds for the plaintiff, Viola Smith, that she is entitled to recover of the defendant association, American Woodmen, the death benefit of the policy of $500

as principal, and interest at the legal rate of 6 per cent. from date of the death of said Julius Smith, September 22, 1917, the day the death benefit was due."

Plaintiff in error's first proposition is:

"The benefit certificate issued by a fraternal beneficiary association, together with its charter, constitution, application, etc., constitute the whole contract containing the terms and conditions upon which the benefits shall be paid. And since the benefit certificate in this case provides that should death occur during the first year of the life of the certificate, there shall be paid to the beneficiary one-fifth of the face value; and since the certificate issued to the member had only been in existence from November 30, 1916, to September 22, 1917, when the member died, the beneficiary is entitled to only $100 in benefits."

[1] Plaintiff in error seems to understand that the judgment for the full sum of the policy, $500, was under article 4742, Revised Statutes, which forbids the stipulation in any life insurance policy of a provision for the settlement of same at maturity, for less than the amount stated in the face of the policy, and insists that said law does not apply to the certificate in the instant case, nor to the association issuing same, and that therefore the judgment is erroneous. It is clear that said law does not apply to plaintiff in error. Article 4830, Revised Statutes. But plaintiff in error, in its answer to defendant in error's petition, pleaded that she was not entitled to recover because the insured had permitted his policy to lapse by reason of nonpayment of dues, and that said policy was not in force at the time of the death of the insured, and wholly denied any liability. It did not plead the provision in the policy it now asserts, and same was not in controversy in the trial, so that the question was not before the court. That being true, the matter cannot be urged here for the first time. The assignment is overruled.

[2] Plaintiff in error next complains that the court erred in awarding judgment for interest on the amount of the policy at the rate of 6 per cent. from the maturity of the policy. It is insisted that as the law nowhere provides for the payment of interest on death benefits out of the mortuary fund of a fraternal beneficiary association, hence none can be allowed. The assignment must be overruled. The certificate was a contract in writing to pay a named sum upon the maturity of the policy. Plaintiff's petition asks for interest, and such is authorized by law. Article 4977, Revised Statutes; American National Insurance Co. v. Fulghum (Tex. Civ. App.) 177 S. W. 1008.

No error appearing, the judgment is affirmed.